IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| ROBERT PETERSON,<br>§ Plaintiff,<br>§<br>§<br>v. § EP-07-CV-258-PRM<br>§<br>SAM'S EAST, INC. d/b/a SAM'S CLUB, §<br>COSCO HOME & OFFICE PRODUCTS §<br>and DOREL JUVENILE GROUP, INC., §<br>Defendants. § | |

## ORDER AWARDING COSTS TO PLAINTIFF

On this day, the Court considered Plaintiff Robert Peterson's ("Plaintiff") "Amended Bill of Costs" and "Affidavit in Support of Amended Bill of Costs," collectively filed on December 3, 2008; and Defendants Sam's East, Inc. and Dorel Juvenile Group, Inc.'s "Response and Objection to Plaintiff's Amended Bill of Costs," filed on December 5, 2008, in the above-captioned cause. Pursuant to Federal Rule of Civil Procedure 54(d)(1), Plaintiff seeks to recover $13,785.54 for costs incurred in the underlying products liability suit for photocopying, video editing, filing fees, service of process fees, court reporter expenses, and witness travel. After due consideration, the Court is of the opinion that Plaintiff is entitled, with some exceptions, to recover costs incurred for photocopying, filing, and court reporter expenses, amounting to $11,321.51 in total costs.

Rule 54(d)(1) provides that "costs, other than attorneys' fees shall be allowed as of course to the prevailing party unless the district court otherwise directs . . . ." FED. R. CIV. P. 54(d)(1). Although "the prevailing party is prima facie entitled to costs," *Schwarz v. Folloder*, 767 F.2d 125, 131 (5th Cir. 1985), the provisions of 28 U.S.C. § 1920 "limit the Court's discretion in taxing costs against the unsuccessful litigant." *Home Depot, U.S.A., Inc. v. Fed. Ins. Co.*, 2003 U.S. Dist. LEXIS 5492, at *4 (E.D. Tex. Feb. 25, 2003) (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987)). In this vein, a prevailing party may recover the following costs:

(1) fees of the Clerk and Marshall;

(2) fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;[1]

(3) fees and disbursements for printing and witnesses;[2]

(4) fees for exemplification and copies of papers necessarily obtained for use in the case;

(5) docket fees under section 1923 of this title;[3] and

(6) compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

Pursuant to 28 U.S.C. § 1920, the Court finds, with certain exceptions,[4] that Plaintiff is entitled to recover costs incurred for photocopying, filing, and court reporter expenses, amounting to $11,321.51 in total costs.

---

[1]Plaintiff submits court reporter fees for the depositions of Sam's buyers, Joel Heiligenthal and Jason Shaw, totaling $1,457.80. However, these depositions solely relate to Plaintiff's case against Sam's. Because Plaintiff did not prevail in its suit against Sam's, the Court finds that Plaintiff is not entitled to these court reporter fees. *See* FED. R. CIV. P. 54(d)(1) ("[C]osts . . . shall be allowed as of course to the prevailing party . . . .").

[2]Plaintiff also submits $811.23 in travel expenses and hotel fees for Robert Jennings, a witness who resides more than 100 miles from El Paso. However, the Court finds that these fees are not recoverable because Plaintiff failed to make the requisite showing that special circumstances existed to justify the presence of this witness at trial. *See Nissho-Iwai Co. v. Occidental Crude Sales, Inc.*, 729 F.2d 1530, 1552 (5th Cir. 1984) ("[A] court may assess costs for journeys of more than 100 miles if there are special circumstances justifying the presence of the witness[] at trial.").

[3]Additionally, Plaintiff submits a $25 filing fee for its Motion for Admission Pro Hac Vice for Joseph Isaac. Because the Court denied this Motion, the Court finds that Plaintiff is not entitled to this filing fee. Docket No. 102.

[4]Plaintiff submits $170 for video editing. Because video editing costs are not expressly enumerated in § 1920, the Court finds that Plaintiff is not entitled to this cost. *See, e.g., Gaddis v. United States*, 381 F.3d 444, 476 (5th Cir. 2004) ("[V]ideo technician fees are not taxable under § 1920's list.").

Accordingly, **IT IS ORDERED** that Plaintiff Robert Peterson is **AWARDED** $11,321.51 in costs to be taxed by the Clerk of the Court pursuant to Federal Rule of Civil Procedure 54(d)(1).

**SIGNED** this ___17___ day of ___December___, 2008.

PHILIP R. MARTINEZ
UNITED STATES DISTRICT JUDGE